**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0859-18T1

HSBC BANK U.S., N.A., AS
INDENTURE TRUSTEE FOR
THE REGISTERED NOTEHOLDERS
OF RENAISSANCE HOME EQUITY
LOAN TRUST 2006-2,

      Plaintiff-Respondent,

v.

LOVEY FRANCES C. DEVANEY,

      Defendant-Appellant,

and

MR. DEVANEY, husband of LOVEY
FRANCES C. DEVANEY, CITY OF
ATLANTIC CITY, and STATE OF
NEW JERSEY,

      Defendants,

and

WILLIAM G. BOLAND,

      Defendant/Intervenor-Respondent.

_____

Argued February 24, 2020 – Decided March 16, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-012161-16.

Daniel J. Gallagher argued the cause for appellant.

Kathleen McClure Massimo argued the cause for respondent (Houser LLP, attorneys; Kathleen McClure Massimo, on the brief).

Scott E. Becker argued the cause for intervenor-respondent (Scott E. Becker, attorney; joins in the brief of respondent HSBC Bank USA, N.A.).

PER CURIAM

In this mortgage foreclosure action, defendant Lovey Frances C. Devaney appeals from a September 18, 2018 order denying her motion for reconsideration of an August 10, 2018 order denying her motion to vacate default, the final judgment, and the sheriff's sale. Having considered the record in light of the applicable law, we are convinced the court did not abuse its discretion by denying defendant's reconsideration motion, and we affirm.

I

In 2006, defendant executed a note in the principal amount of $100,000, and secured payment of the note by executing a mortgage on residential property

A-0859-18T1

located in Atlantic City. The mortgage and note were subsequently assigned to plaintiff, HSBC Bank, U.S., NA. In December 2013, the mortgage and note were modified by a mortgage modification agreement between defendant and plaintiff's loan servicer, Ocwen Loan Servicing, LLC (Ocwen).

Following defendant's default on the mortgage and note, plaintiff filed a foreclosure complaint in April 2016. Defendant did not answer or otherwise respond to the complaint, and default was entered on October 4, 2016. Plaintiff moved for final judgment, which the court entered on June 14, 2017.

A scheduled sheriff's sale of the property was postponed to allow plaintiff's and defendant's review of alternatives to foreclosure. In September 2017, Ocwen advised defendant her application for a loan modification trial plan was approved. The plan required that defendant make monthly mortgage payments in October, November, and December 2017.

In a December 18, 2017 letter, Ocwen advised defendant she was approved for a loan modification. The letter further advised that, to accept the loan modification agreement, defendant must make a monthly mortgage payment and return a signed copy of the agreement by January 1, 2018. The letter informed defendant "time is of the essence."

3

Defendant forwarded the mortgage payment, which Ocwen received on January 4, 2018, but Ocwen did not receive the signed loan modification agreement by the January 1, 2018 deadline. By February 2, 2018, Ocwen still had not received the signed loan agreement, and, on that date, it notified defendant by letter that the loan modification was no longer available due to her failure to provide the signed loan agreement by January 1, 2018.

On March 6, 2018, plaintiff sent defendant notices of sale of the property; plaintiff sent them to the property address and an alternative address as well.[1] On March 22, 2018, William Boland purchased the property.[2] He subsequently recorded the deed with the Atlantic County Clerk's Office.

Defendant filed a motion to vacate default and the final judgment, but the court denied the motion without prejudice because defendant failed to provide notice to Mr. Boland. Defendant later refiled the motion with notice to Mr. Boland.

---

[1] Plaintiff obtained an alternative address for defendant through the Atlantic County Tax Assessor, and served the pleadings, notices, and correspondence throughout the foreclosure proceedings and loan modification process to the property address and alternative address. Service of the complaint was also effectuated through publication.

[2] The Chancery Division later granted Mr. Boland's motion to intervene in the foreclosure case.

A-0859-18T1

<u>Defendant's Motion to Vacate Default and the Final Judgment</u>

Defendant moved to vacate the October 4, 2016 default and the June 14, 2017 final judgment. The appellate record shows the motion was supported by her counsel's certification, which refers to two annexed documents: a loan modification agreement signed by defendant and dated January 24, 2018, and a photocopy of a document purportedly showing "[d]efendant has been making payments" on the mortgage. Although counsel's certification makes no reference to any other documents, it also includes as an exhibit the February 2, 2018 letter from Ocwen to defendant entitled "DECISION ON YOUR REQUEST FOR MORTGAGE ASSISTANCE."

In the appendix submitted in support of her appeal, defendant does not include any other certifications supporting the motion to vacate, and her brief in support of the motion makes no specific reference to any other certifications supporting the motion. Plaintiff's brief in opposition to the motion to vacate, however, referred to a certification of defendant that was apparently submitted in support of the motion, but neither party included in the record on appeal.[3] We

---

[3]  As noted, the only certification supporting defendant's motion to vacate included in the record on appeal is defendant's counsel's certification. Defendant's counsel's certification did not establish any facts supporting the motion because it merely identified documents annexed as exhibits about which

therefore cannot consider it. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda., 397 N.J. Super. 455, 460 (App. Div. 2008) (noting a failure to include in the appellate record a document submitted in opposition to a motion before the trial court leaves "no basis" on which to review the trial court's ruling on the motion). In any event, for reasons we address in our discussion of defendant's legal arguments, the failure to include the certification in the record does not prevent disposition of the issues raised on appeal.

Defendant's brief in support of the motion to vacate offered three arguments. First, defendant argued plaintiff failed to properly serve her with notice of entry of default in accordance with Rule 4:43-1 and mailed notice of termination of the loan modification agreement to the wrong address. Second, she argued the final judgment should be vacated because she established excusable neglect and a meritorious defense as required by Rule 4:50-1. Her excusable neglect and meritorious defense claims were based on assertions that plaintiff relied on documents dated prior to December 2017; plaintiff's agent

---

defendant's counsel clearly did not have personal knowledge. See R. 1:6-6 (requiring that affidavits supporting a motion must be "made on personal knowledge" and "set[] forth only facts which are admissible in evidence"). The only certification based on defendant's personal knowledge in the appellate record is defendant's August 28, 2018 certification, but that certification was submitted in support of her motion for reconsideration of the court's August 10, 2018 order denying her motion to vacate.

A-0859-18T1

negotiated a loan modification agreement that "was effective December 1, 2017" and accepted payments in accordance with the agreement; and plaintiff sent notice "that the modification was rejected in February of 2018 to a vacant building" when it knew she lived elsewhere.

Defendant's third argument in support of her motion to vacate the default judgement was that Ocwen was liable for fraudulent concealment because it allegedly failed to disclose the loan modification agreement would be void if defendant failed to sign and return the contract by a certain date. Defendant did not, however, include with her motion the December 18, 2017 letter from Ocwen enclosing the loan modification agreement; explaining "time is of the essence and to accept the modification"; and requiring that she sign and return the loan medication agreement by January 1, 2018, and make the first payment by that date.

Plaintiff supported its opposition to the motion with certifications from its counsel and from an Ocwen senior loan analyst. In pertinent part, the certifications generally described: (1) defendant's default on the mortgage and note; (2) the means of service of the foreclosure complaint, the pleadings submitted in support of the requests for entry of default and final judgment, and the documents related to the mortgage loan modification trial period and

agreement; (3) approval of defendant's participation in the mortgage modification trial plan; (4) the conditions imposed for defendant's entry into the loan modification agreement; (5) defendant's failure to comply with the conditions precedent to entry into the loan modification, including her failure to sign and return the loan modification agreement by the January 1, 2018 deadline; and (6) the notification of defendant of her ineligibility for the loan modification agreement due to her failure to return the agreement within the required timeframe. The factual assertions in the certifications were supported by references to documents annexed as exhibits.

After hearing argument, the court rendered a detailed written decision, finding plaintiff's evidence established defendant was properly served with the complaint and all other required pleadings and notices prior to entry of default, the final judgment, and the sheriff's sale, and defendant presented no competent evidence establishing excusable neglect for her failure to respond to the complaint prior to entry of final judgment. The court also found defendant failed to present any evidence of a meritorious defense to the foreclosure complaint.

The court rejected defendant's claim plaintiff accepted the loan modification agreement by receiving the payment on January 4, 2018, because Ocwen's December 18, 2017 letter stated time was of the essence and it would

accept the loan modification only if defendant signed and returned the agreement by January 1, 2018. The court found the evidence established defendant did not return the agreement by January 1, 2018, and, therefore, plaintiff properly "exercised [its] right to withdraw the [l]oan [m]odification [a]greement on February 2, 2018."[4] The court entered an August 10, 2018 order denying defendant's motion to vacate default, the final judgment, and the sheriff's sale.

Defendant's Reconsideration Motion

Defendant filed a motion for reconsideration of the court's August 10, 2018 order. In support of the motion, defendant submitted a certification replete with factual assertions related to the destruction of the home on the property in Superstorm Sandy; her employment history; the loan modification trial period; and her execution of the loan modification agreement. Defendant also asserted she did not receive notices and pleadings in the foreclosure proceeding and correspondence related to the loan modification.

---

[4] The court also determined defendant presented no evidence supporting the vacation of the sheriff's sale, see First Trust NA v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (explaining standard for vacating a sheriff's sale), and it found defendant received all required notices pertaining to the sale. Defendant does not make any argument challenging the court's denial of her request to vacate the sheriff's sale beyond her claim the court erred by denying her motion to vacate default and the final judgment.

In her brief supporting the motion, defendant reprised the arguments made in support of her motion to vacate default and the final judgment. She claimed the motion to vacate default should have been granted because plaintiff did not properly serve her in accordance with Rule 4:43-1. Defendant again asserted plaintiff was bound by the loan modification agreement because it accepted a mortgage payment after January 1, 2018, and the facts presented in her certification established excusable neglect and a meritorious defense permitting vacation of the final judgment under Rule 4:50-1(a) and (f). She further argued, for the first time, that plaintiff was bound by the loan modification agreement under the doctrine of promissory estoppel.

In a detailed and thorough written decision, the court determined defendant's reconsideration motion was founded on facts, documents, and arguments that were available, but not presented, in support of the motion to vacate default and the final judgment. The court observed that the documents annexed to defendant's certification were inconsistent and unsupported by any reliable evidence explaining their meaning or import, and that defendant asserted a legal argument—plaintiff was bound by the loan modification agreement under the doctrine of promissory estoppel—not asserted in support of her motion to vacate. The court also determined defendant failed to satisfy

10

her burden of establishing that its prior rejection of her claim she was not properly served with the pleadings and notices during the foreclosure proceeding was palpably incorrect or based on an irrational basis. See D'Atria v. D'Atria, 242 N.J. Super. 392, 400 (Ch. Div. 1990). The court concluded defendant failed to demonstrate an entitlement to reconsideration under Rule 4:49-2 and entered a September 18, 2018 order denying defendant's motion. This appeal followed.

II

"Reconsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." D'Atria, 242 N.J. Super. at 401; Dover-Chester Assocs. v. Randolph Twp., 419 N.J. Super. 184, 195-96 (App. Div. 2011). We review the denial of a motion for reconsideration under the abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (citing CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995)). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A-0859-18T1

The basis for the motion for reconsideration focuses on "what was before the court in the first instance." Lahue v. Pio Costa, 263 N.J. Super. 575, 598 (App. Div. 1993). Indeed, a motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). It "is designed to seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid.; see also Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (finding a motion for reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . ."). A court may "in the interest of justice," consider new evidence on a motion for reconsideration only when the evidence was not available prior to the decision by the court on the order which is the subject of the reconsideration motion. D'Atria, 242 N.J. Super. at 401; Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002).

"Reconsideration should be used only for those cases which fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative,

A-0859-18T1

competent evidence." Fusco, 349 N.J. Super. at 462 (quoting D'Atria, 242 N.J. Super. at 401). The proper object of a motion for reconsideration is to correct a court's error or oversight, and not to "re-argue [a] motion that has already been heard for the purpose of taking the proverbial second bite of the apple." State v. Fitzsimmons, 286 N.J. Super. 141, 147 (App. Div. 1995), certif. granted, remanded on other grounds, 143 N.J. 482 (1996).

Our review of the record before the court on the motion to vacate is hindered by defendant's failure to include in the record on appeal what appears to be her certification supporting the motion to vacate. See Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001) ("[T]he failure to supply pleadings that are essential to the proper consideration of the issues hinders our appellate review."). Although we are not "obliged to attempt review of an issue when the relevant portions of the record are not included," Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, PC, 381 N.J. Super. 119, 127 (App. Div. 2005); see also R. 2:6-1(a)(1) (stating the appendix "shall contain . . . such other parts of the record . . . as are essential to the proper consideration of the issues"), based on the record presented, we are able to determine the court correctly denied the reconsideration motion without regard to whether the facts and documents

A-0859-18T1

supporting the reconsideration motion were first presented to the court on the motion to vacate default and the final judgment.

Defendant does not argue the court erred by denying her motion for reconsideration, at least in part, based on its finding the motion was based on factual allegations and documents that were available, but not presented, in support of the motion to vacate. See, e.g., Palombi, 414 N.J. Super. at 289 (explaining facts known to, but not presented by, a party do not support a request for reconsideration of the order entered on the underlying motion). An argument not briefed on appeal is deemed waived. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011). Thus, even though defendant fails to include in the record on appeal her certification in support of the motion to vacate and, thus, effectively precludes our consideration of all of the facts and evidence presented in support of that motion, we affirm the court's determination defendant's reconsideration motion should be denied because it was, at least in part, based on facts and documents available, but not presented, when the court decided the motion to vacate. See Palombi, 414 N.J. Super. at 289.

On appeal, defendant argues the court abused its discretion by denying the reconsideration motion without considering evidence she provided in support of

the motion. More particularly, defendant claims the court did not consider that plaintiff's acceptance of a mortgage payment in January 2018 rendered the loan modification agreement binding. Defendant also asserts the court failed to consider that she did not receive Ocwen's February 2, 2018 letter because it was sent to an address where defendant asserts plaintiff knew she had not lived since November of 2012.

Defendant's arguments are undermined by the record. The court directly addressed, and rejected, defendant's claim plaintiff's acceptance of the January 2018 payment created a binding loan modification agreement. The court explained Ocwen's December 18, 2017 letter conditioned plaintiff's acceptance of the loan modification on defendant's compliance with two conditions: (1) making a mortgage payment by January 1, 2018; and (2) properly signing and returning the agreement by January 1, 2018. The court determined that even if defendant made a mortgage payment by January 1, 2018, there was no competent evidence presented in either the motion to vacate or reconsideration motion establishing defendant complied with the second prerequisite for her entry into a binding loan modification agreement, and the competent evidence presented by plaintiff established she did not.

A-0859-18T1

Defendant's counsel's certification supporting the motion to vacate annexed a loan modification agreement dated January 24, 2018, that was purportedly signed by defendant. However, that agreement could not have been delivered to plaintiff prior to January 1, 2018, and therefore it actually supports both plaintiff's position defendant failed to timely return the agreement and the court's finding defendant did not satisfy an essential condition for her entry into a binding loan modification agreement.

Moreover, defendant's certification in support of the motion for reconsideration includes conflicting copies of the signed loan agreement. Both copies bear her purported signature, but one is dated January 24, 2018, and the other is dated December 28, 2017. In her certification, defendant asserts she signed the loan agreement on December 28, 2017, but she does not state she returned the loan agreement to plaintiff prior to January 1, 2018, as required by Ocwen's December 18, 2017 letter. In other words, and as the court found, the record on the motion for reconsideration was devoid of evidence defendant did anything to deliver the signed agreement to plaintiff in accordance with the "time is of the essence" January 1, 2018 deadline.

Similarly, defendant's claim the February 2, 2018 loan modification agreement rejection letter was improperly sent to an address at which she had

not lived since November 2012 ignores the record. The February 2, 2018 letter was sent to the identical address as the December 18, 2017 letter enclosing the loan modification agreement, and it is undisputed defendant received the December 18, 2017 letter.

In sum, the record shows the court carefully considered defendant's arguments and evidence supporting her reconsideration motion, and it made appropriate findings and conclusions of law. R. 1:7-4. We reject defendant's assertions to the contrary. The record further establishes defendant made no showing that the court's order denying the motion to vacate rested on a palpably incorrect or irrational basis, or that the court failed to consider or appreciate probative, competent evidence. See Fusco, 349 N.J. Super. at 462. We therefore discern no basis to conclude the court abused its discretion by denying the reconsideration motion. See D'Atria, 242 N.J. Super. at 401.

Defendant also argues the court erred by rejecting her argument she was entitled to vacate default and the final judgment by application of the doctrine of promissory estoppel. It is undisputed defendant did not make that argument in support of her motion to vacate. Therefore, the court properly rejected the argument because it was first asserted by defendant on her motion for reconsideration. See Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015)

(rejecting, as support for a motion for reconsideration, a party's reliance on a legal argument that was available, but not presented, in the underlying motion).

We also reject defendant's claim the court erred by denying the reconsideration motion because she presented evidence on the motion to vacate establishing excusable neglect and a meritorious defense under Rule 4:50-1. The court expressly rejected this claim in its decision on the motion to vacate, determining the competent evidence presented established defendant was properly served with the complaint; she failed to provide any evidence demonstrating excusable neglect for never responding to the complaint; and her claimed meritorious defense—that plaintiff was bound by the loan modification agreement—ignored that she did not comply with the conditions precedent to her entry into a binding agreement with plaintiff.

Defendant failed to sustain her burden of demonstrating that the court's rejection of her request for relief under Rule 4:50-1 on the motion to vacate was palpably incorrect or irrational, or that the court failed to consider the pertinent evidence. See Fusco, 349 N.J. Super. at 462. Thus, the court did not abuse its discretion by rejecting the argument when it was presented on defendant's reconsideration motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18                                                    A-0859-18T1